PD-0889-15
COURT OF CRIMINAL APPEALS
AUSTIN, TEXAS
Transmitted 7/16/2015 4:28:26 PM
Accepted 7/17/2015 3:36:56 PM
ABEL ACOSTA
CLERK

No. _____

## IN THE

## TEXAS COURT OF CRIMINAL APPEALS

No. 14-14-00435-CR
In the Fourteenth Court of Appeals
of Texas

**Michael Shawn Ryals,** *Appellant*

v.

**The State of Texas,** *Appellee*

**Appellant's Petition for Discretionary Review**

FILED IN
COURT OF CRIMINAL APPEALS

July 17, 2015

ABEL ACOSTA, CLERK

Jerald K. Graber
TSB # 08240320
917 Franklin, Suite 510
Houston, Texas 77002
Tel. 713-224-232
graberlaw@sbcglobal.net
Attorney for Appellant

## Statement Regarding Oral Argument

Appellant waives oral argument.

## Identity of Judge, Parties, and Counsel

Pursuant to TEX. R. APP. P. 38.1(a), the following persons are interested

parties:

Appellant

Mr. Michael Shawn Ryals
TDCJ # 1932291
Bartlett State Jail
1018 Arnold Dr.
Bartlett, TX 76511

Trial Judge

The Honorable Katherine Cabaniss
248th District Court
1201 Franklin
Houston, Texas 77002

Attorneys for State

Mr. Ed McClees and Ms. Jill Foltermann (in trial)
Mr. Alan Curry (on appeal)
Harris County DA's Office
1201 Franklin, 6th Floor
Houston, Texas 77002

Attorney for Appellant

Mr. Ken McCoy (in trial)

Mr. Jerald K. Graber (on appeal)
917 Franklin, Suite 510
Houston, Texas 77002

3

# Table of Contents

**Page**

STATEMENT REGARDING ORAL ARGUMENT 2

IDENTITY OF JUDGE, PARTIES, AND COUNSEL 3

TABLE OF CONTENTS 4

INDEX OF AUTHORITIES 5

STATEMENT OF THE CASE 7

STATEMENT OF PROCEDURAL HISTORY 7

APPELLANT'S GROUND FOR REVIEW 8

REASON FOR REVIEWING GROUND FOR REVIEW 8

ARGUMENT 8

CONCLUSION and PRAYER FOR RELIEF 17

CERTIFICATE OF COMPLIANCE 17

CERTIFICATE OF SERVICE 18

## Index of Authorities

| Cases | Page |
|---|---|

*Bower v. State,*
769 S.W.2d 887 (Tex. Crim. App. 1989)    10

*Illinois v. Gates,*
462 U.S. 213, 103 S.Ct. 2317, 76 L.Ed.2d 527 (1983)    10

*Johnson v. State,*
803 S.W.2d 272 (Tex. Crim. App. 1990)    12

*Jaben v. United States,*
381 U.S. 214, 85 S.Ct. 1365, 14 L. Ed.2d 345 (1965)    11

*Matamoros v. State,*
901 S.W.2d 470 (Tex. Crim. App. 1995)    12

*McKissick v. State,*
209 S.W.3d 205, 214 (Tex. App.—Houston [1st Dist.]
2006, pet. ref'd)    13

*Moreno v. State,*
415 S.W.3d 284 (Tex. Crim. App. 2013)    11

*Reese v. State,*
712 S.W.2d 131 (Tex. Crim. App. 1986)    10

*Rodriguez v. State,*
232 S.W.3d 55, 61 (Tex. Crim. App. 2007)    11

*Serrano v. State,*
123 S.W.3d 53, 62 (Tex. App.--Austin 2003, pet. ref'd)    15

*State v. Davila,*
169 S.W.3d 735, 740 (Tex. App.--Austin 2005, no pet.)    15

*State v. Duarte,*
    389 S.W.3d 349 (Tex. Crim. App. 2012)      12

*State v. Griggs,*
    352 S.W.3d 297, 303 (Tex. App.—Houston [14th Dist.]
    2011, pet. ref'd)      13

*State v. McLain,*
    337 S.W.3d 268 (Tex. Crim. App. 2011)      10, 11, 13

## Statutes, Codes and Rules

Tex. Code Crim. Proc. art. 18.01      10

Tex. Const. Art. I, § 9      10

Tex. R. App. Proc. 66.3 (c) and (f)      8

**To the Honorable Court of Criminal Appeals:**

## Statement of the Case

Appellant was charged by indictment with the felony offense of fraudulent use of identifying information in cause number 1402503. (CR 10). Appellant entered a plea of not guilty, and this case was tried before the court without a jury. (RR II 16; CR 70). The court found appellant guilty. (RR VI 148). After a sentencing hearing, the court sentenced appellant to 40 years in prison. (RR VII; CR 72).

Appellant timely filed a written notice of appeal. (CR 76). The trial court certified the defendant's right of appeal. (CR 75).

## Statement of Procedural History

On July 14, 2015 a panel of the Fourteenth Court of Appeals issued a published opinion affirming the trial court's judgment in this case. Appellant files this first petition for discretionary review with this Court.

## Appellant's Ground for Review

1) The Court of Appeals erred in finding that the search warrant affidavit was sufficient to establish probable cause for issuance of the search warrant. The search warrant affidavit was insufficient since it did not provide a substantial basis for conclusion that a search would uncover evidence of wrongdoing.

## Reason for Reviewing Appellant's Ground for Review

The lower Court's ruling should be reviewed pursuant to Tex. R. App. P. 66.3(c) and (f).

## Argument

In this case, the affidavit supporting the search warrant does not contain sufficient facts to prove probable cause that contraband or evidence of a crime would be found at 11825 Longwood Garden Way. More specifically, the affidavit is insufficient since (1) it does not allege any facts to support a finding that the confidential informant is credible or that his information is reliable, (2) the information used to support a finding of probable cause was stale at the time the warrant was signed by the magistrate, and (3) the police collected evidence of fraudulent activity

8

from a trash can at the end of the driveway only on one occasion, not numerous trash runs.

Almost all of the facts listed in the affidavit to support a finding of probable cause were obtained from an un-named confidential source. The police relied upon the informant's information in an effort to provide probable cause to the magistrate, but the magistrate did not have any information in the affidavit to make a finding that this confidential source was a credible witness or that the information that he provided to the police was reliable. Also, the information used to support a finding of probable cause was stale at the time the warrant was signed by the magistrate. All of the information regarding appellant's criminal activity obtained from the August 6, 2013 debriefing with the informant was obtained 48 days prior to the presentation of the search warrant to the magistrate. Thus, this information was too old and too stale to be relied upon by the magistrate. Furthermore, since a one-time "trash run" and a single discovery of contraband in a trash receptacle is generally insufficient to establish probable cause to search a residence, this information in the affidavit also is insufficient to make a finding of probable cause.

Therefore, the magistrate judge did not have a substantial basis for finding that probable cause existed for the issuance of the search warrant.

Article 18.01 specifies that a sworn affidavit setting forth substantial facts establishing probable cause shall be filed in every instance in which a search warrant is requested. Tex. Code Crim. Proc. art. 18.01. Under both the Fourth Amendment and Art. I, § 9 of the Texas Constitution, a search warrant may only be issued upon a showing of probable cause, supported by oath or affirmation. *Reese v. State*, 712, S.W.2d 131 (Tex. Crim. App. 1986). An affidavit in support of a search warrant must allege substantial facts establishing probable cause to believe that the items in question would be found at the identified place. *State v. McLain*, 337 S.W.3d 268 (Tex. Crim. App. 2011). Probable cause sufficient to support a search warrant exists if the facts contained within the four corners of the affidavit and the reasonable inferences drawn therefrom justify the magistrate's conclusion that the objects of the search are probably on the premises at the time of the issuance. *Id.* The "totality of the circumstances" test applies to analysis for the determination of probable cause for search warrants under the Fourth Amendment. *Illinois v. Gates*, 462 U.S. 213, 103 S.Ct. 2317, 76 L.Ed.2d 527 (1983); *Bower v. State*, 769 S.W.2d 887 (Tex. Crim. App. 1989). The same test also applies to search warrant analysis under Art. I, § 9 of the Texas Constitution. *Id.* Probable cause exists when, under the totality of the circumstances, there is a fair

probability that contraband or evidence of a crime will be found at the specified location. *State v. McLain*, 337 S.W.3d 268 (Tex. Crim. App. 2011). An affidavit will not justify the issuance of a search warrant if it simply contains conclusory statements that provide no basis for determining if probable cause actually exists. *Rodriguez v. State*, 232 S.W.3d 55, 61 (Tex. Crim. App. 2007). A magistrate's decision to issue a search warrant will be upheld on appeal only where the magistrate had a substantial basis for concluding that a search would uncover evidence of wrongdoing. On appeal, the magistrate's decision is reviewed under this deferential standard of review, rather than de novo, because of the Fourth Amendment's strong preference for searches conducted pursuant to a warrant. *Moreno v. State*, 415 S.W.3d 284 (Tex. Crim. App. 2013).

Confidential Informant

The affidavit in this case is insufficient since it does not allege that the unnamed confidential informant is a credible person or that his information is reliable. (See State's exhib. 500). The reliability of the affiant and his sources are part of the totality of the circumstances that a magistrate should evaluate in making a probable cause determination. *Jaben v. United States*, 381 U.S. 214, 85 S.Ct. 1365, 14 L. Ed.2d 345

(1965); *Johnson v. State*, 803 S.W.2d 272 (Tex. Crim. App. 1990). In cases where a search warrant affidavit relies on information supplied by a confidential informant, the issue is whether the magistrate had a substantial basis for crediting the informant's hearsay. *State v. Duarte*, 389 S.W.3d 349 (Tex. Crim. App. 2012). Tips from anonymous or first-time confidential informants of unknown reliability must be coupled with facts from which an inference may be drawn that the informant is credible or that his information is reliable. *Id.* at 358.

As stated above, the reliability of the affiant and his sources are part of the totality of the circumstances that a magistrate should evaluate in making a probable cause determination. In this case, a very large percentage of the facts listed in the affidavit were obtained from an anonymous confidential source whose veracity and credibility is completely unknown. Also, there is no information in the affidavit as to how the informant came by the information he related to the affiant, as required. See *Matamoros v. State*, 901 S.W.2d 470 (Tex. Crim. App. 1995).

Staleness

In addition to the above requirements, to establish probable cause, the information contained in a warrant's accompanying affidavit must not be stale. *State v. McLain*, 337 S.W.3d 268 (Tex. Crim. App. 2011); *McKissick v. State*, 209 S.W.3d 205, 214 (Tex. App.—Houston [1st Dist.] 2006, pet. ref'd). In other words, the facts contained in the affidavit must have occurred recently enough to allow the magistrate to conclude that probable cause exists at the time that the warrant is requested and ultimately issued. *Id.*; *State v. Griggs*, 352 S.W.3d 297, 303 (Tex. App.—Houston [14th Dist.] 2011, pet. ref'd). If so much time has passed that it is unreasonable to presume that the sought items are still located at the suspected place, the information in an affidavit is stale. *McKissick v. State*, 209 S.W.3d at 214. To determine whether the facts supporting a search warrant have become stale, courts examine the elapsed time between the occurrence of events set out in the affidavit and the time the search warrant was issued in light of the type of criminal activity involved. *Id.*

In this case, the affidavit (State's exhib. 500) depicts an initial meeting between the police and an un-named confidential informant (CI) on August 6, 2013 where the CI gave the police a detailed description of the fraudulent activities of appellant. Thereafter, on August 12, 2013, the police indicate that they observed a male who "appeared" to be appellant sitting in a Chevy

13

Malibu in the driveway at 11825 Longwood Garden Way. Then, nearly a month later, on September 10, 2013, an undercover DPS officer made contact with appellant at this location and discussed appellant's allegedly fraudulent activities. On September 21, 2013, the affiant observed a black male place a trash can by the curb at the bottom of the driveway next to the street. After seizing the trash, the police determined that the contents included forged checks and copies of counterfeit identification cards. (State's exhib. 500). All of the information regarding appellant's criminal activity from the August 6, 2013 debriefing with the informant was obtained 48 days prior to the presentation of the search warrant to the magistrate. Thus, this information was too old and too stale to be relied upon by the magistrate.

Trash Run

Furthermore, a one-time "trash run" is generally insufficient to prove probable cause that evidence of a crime will be located at that residence. Since garbage containers left outside a residence for collection are readily accessible to the public, including neighbors or passers-by with overflow or undesirable trash and other unwelcome meddlers, a single discovery of contraband in a trash receptacle is generally insufficient to establish probable cause to search the residence. *Serrano v. State*, 123 S.W.3d 53, 62 (Tex. App.--Austin 2003,

14

pet. ref'd) (citing *California v. Greenwood*, 486 U.S. 35, 108 S. Ct. 1625, 100 L. Ed. 2d 30 (1988)); *see also State v. Davila*, 169 S.W.3d 735, 740 (Tex. App.--Austin 2005, no pet.).

In *Serrano*, the search warrant affidavit was based in part on information received from a confidential informant. *Serrano v. State*, 123 S.W.3d at 53. The only evidence of a crime was a one-time search of the trash that turned up two plastic bags, one of which tested positive for cocaine. *Id.* at 63. The court concluded the magistrate judge did not have a substantial basis for finding probable cause existed. *Id.*

In this case, the affidavit depicts a one-time trash run at the subject location where the police seized numerous pieces of information inside a trash can which was subsequently used to prosecute appellant. (State's exhib. 500).

Conclusion

Almost all of the facts listed in the affidavit to support a finding of probable cause are obtained from an unknown, un-named confidential source. The police relied upon the informant's information in an effort to provide probable cause to the magistrate, but the magistrate did have any information in the affidavit to make a finding that this confidential source was a credible witness or that the information that he provided to the police was reliable. Therefore, the paragraphs in the affidavit depicting

15

information from the informant are not sufficient to prove that probable cause existed. Also, much of the information used to support a finding of probable cause was stale at the time the warrant was signed by the magistrate. All of the information regarding appellant's criminal activity from the August 6, 2013 debriefing with the informant was obtained 48 days prior to the presentation of the search warrant to the magistrate. Thus, this information was too old and too stale to be relied upon by the magistrate. Lastly, since a one-time "trash run" and a single discovery of contraband in a trash receptacle is generally insufficient to establish probable cause to search a residence, the one-time trash run information in the affidavit also is insufficient to make a finding of probable cause. Therefore, the search warrant affidavit is insufficient to prove probable cause since (1) it does not allege any facts to support a finding that the confidential informant is credible or that his information is reliable, (2) the information used to support a finding of probable cause was stale at the time the warrant was signed by the magistrate, and (3) the police collected evidence of fraudulent activity from a trash can at the end of the driveway only on one occasion, not numerous trash runs. Therefore, the Court of Appeals erred in holding that the affidavit provided a substantial basis for finding that probable cause existed for the issuance of the search warrant.

## Conclusion and Prayer

Appellant prays that this Honorable Court grant Appellant's Petition for Discretionary Review, reverse the decision of the Court of Appeals, and remand the case.

Respectfully Submitted,

_____
Jerald K. Graber
917 Franklin, Suite 510
Houston, Texas 77002
713-224-2323
Attorney for Appellant

## Certificate of Compliance

I, Jerald K. Graber, do certify that this petition is in compliance with Rule 9 since the entire document consists of 2,665 words and is typed using 14-point font.

_____
Jerald K. Graber

## Certificate of Service

I hereby certify that a copy of this PDR was served upon the following parties via e-file:

Alan Curry
Harris County District Attorney's Office
1201 Franklin, 6th Floor
Houston, TX 77002

State Prosecuting Attorney
P.O. Box 12405
Austin, Texas 78711

_____
Jerald K. Graber

Affirmed and Opinion filed July 14, 2015.



In The

# Fourteenth Court of Appeals

---

## NO. 14-14-00435-CR

---

**MICHAEL SHAWN RYALS, Appellant**

**V.**

**THE STATE OF TEXAS, Appellee**

---

**On Appeal from the 248th District Court**
**Harris County, Texas**
**Trial Court Cause No. 1402503**

---

## O P I N I O N

Appellant Michael Shawn Ryals appeals his conviction for the felony offense of fraudulent use of identifying information. Following a bench trial, the trial court found appellant guilty and sentenced him to 40 years in prison. In a single issue, appellant contends that the trial court committed reversible error by denying his motion to suppress evidence obtained pursuant to a search warrant,

asserting that the warrant affidavit was insufficient to provide probable cause for issuance. We affirm.

## *Background*

On September 23, 2013, Agent Leah Dalton of the Texas Department of Public Safety (DPS) obtained a warrant to search appellant's residence. The warrant authorized a search of the residence for evidence of the crimes of forgery, fraudulent use or possession of identifying information, tampering with a governmental record, and delivery or manufacture of a counterfeit instrument. The search warrant was supported by Dalton's sworn affidavit, which contained the details of her investigation of appellant.

According to her affidavit, on August 6, 2013, Dalton debriefed a confidential informant who stated appellant was producing counterfeit checks, credit cards, and driver's licenses. The informant further indicated appellant was using these counterfeit instruments to work with other individuals in purchasing items at retail stores and then returning the items for cash. Dalton verified the informant's information regarding appellant's address and the vehicle appellant drove. Dalton researched appellant's criminal history and discovered that he had prior convictions for organized retail theft, forgery, tampering with a governmental record, and other felonies.

On September 10, 2013, an undercover DPS officer and the informant went to appellant's residence. During a conversation in the garage, the undercover officer told appellant he was interested in working with appellant to make money. Appellant stated that he had been working with two women who cashed fraudulent checks for him over the last nine months, and also showed the undercover officer two examples of the fraudulent identifications he was manufacturing. The undercover officer managed to take a photograph of the two identification cards

2

when appellant momentarily went into the house. Appellant then offered to manufacture a fraudulent Texas driver's license and some fraudulent checks for the undercover officer. Appellant said he would "fix the background" of the photographs on his computer to match driver's licenses issued by the State. Additionally, appellant offered to pay the undercover officer one hundred dollars for each person the officer recruited to participate in appellant's scheme. A few days later, appellant retracted his offer and said he no longer wanted to do it. The undercover officer never received an ID or checks from appellant.

On September 21, 2013, Dalton recovered trash that had been set outside of appellant's home near the street. The trash contained fifteen fraudulent driver's licenses and copies of five forged checks.

A magistrate signed the search warrant on September 23, 2013. The next day, officers executed the warrant and seized additional evidence from appellant's residence.

Prior to trial, appellant filed a motion to suppress the evidence seized as a result of the execution of the search warrant, alleging a lack of probable cause. The trial judge denied the motion to suppress, specifically stating that she did not consider the information in the affidavit attributed to the informant, but only considered the information from the undercover officer and the trash collection.

### *Applicable Law*

Appellate courts utilize a deferential standard of review in reviewing a magistrate's decision to issue a warrant, because of the constitutional preference for searches to be conducted pursuant to a warrant. *Swearingen v. State*, 143 S.W.3d 808, 810-11 (Tex. Crim. App. 2004) (citing *Illinois v. Gates*, 462 U.S. 213, 234-37 (1983)). As long as the magistrate had a substantial basis for concluding

3

that probable cause existed, we must uphold the magistrate's determination. *State v. McLain*, 337 S.W.3d 268, 271 (Tex. Crim. App. 2011) (citing *Gates*, 462 U.S. at 236-37).

An officer must present a sworn affidavit to a magistrate in order to be issued a search warrant for items constituting evidence of an offense, or tending to show a particular person committed an offense. Tex. Code Crim. Proc. art. 18.01(b). The affidavit should set forth sufficient facts to establish probable cause that (1) a specific offense has been committed, (2) the specifically-described property or items to be searched for or seized constitute evidence of that offense or evidence that a particular person committed that offense, and (3) the property or items constituting such evidence are located at the place to be searched. *Id.* arts. 18.01(c), 18.02(a)(10). Probable cause to support the issuance of a search warrant exists when the facts submitted to the magistrate are sufficient to provide a substantial basis for concluding that a search of the premises would uncover evidence of wrongdoing. *McKissick v. State*, 209 S.W.3d 205, 211 (Tex. App.—Houston [1st Dist.] 2006, pet. ref'd) (citing *Gates*, 462 U.S. at 236).

Our review is limited to the affidavit's four corners in determining whether probable cause existed to support issuance of a search warrant. *See Bonds v. State*, 403 S.W.3d 867, 873 (Tex. Crim. App. 2013) (citing *State v. Jordan*, 342 S.W.3d 565, 569 (Tex. Crim. App. 2011)). The adequacy of the facts in the affidavit for establishing probable cause depends on the totality of the circumstances. *Gates*, 462 U.S. at 238-39.

### *Analysis*

Appellant alleges that Dalton's affidavit did not provide sufficient evidence to support the magistrate's finding of probable cause. Appellant's argument is three-fold: there was insufficient indication of the informant's credibility, the

4

information provided by the informant was stale by the time of issuance, and the single trash collection was insufficient. We hold that Dalton's affidavit was sufficient to establish probable cause based on the information provided by the undercover officer, regardless of the informant's statements[1] or the information gleaned from the trash collection.[2]

The undercover officer's information, as detailed in the affidavit, provided a substantial basis that a specific offense had been committed, mentioned specific items to be searched for or seized that constituted evidence of that offense, and established that such items were located at the place to be searched. First, the specific offense of delivery or manufacture of a counterfeit instrument was implicated when appellant offered to make a fraudulent driver's license for the undercover officer to use and told the officer about a scheme involving two women using fake identifications the appellant produced. *See Acosta v. State*, 411 S.W.3d 76, 84 (Tex. App.—Houston [1st Dist.] 2013, no pet.) (discussing elements of Tex.

---

[1] Appellant asserts that the information provided by the informant was not corroborated or otherwise shown to be reliable. *See Blake v. State*, 125 S.W.3d 717, 727 (Tex. App.—Houston [1st Dist.] 2003, no pet.) (stating that information obtained from an informant must contain some indicia of reliability or be reasonably corroborated by police before it can be used to justify a search). Dalton verified appellant's address and the make and model of the vehicle appellant drove, and the undercover officer's conversation with appellant and photographic evidence corroborated the information regarding appellant's manufacturing of fraudulent identifications and checks. *See Gates*, 462 U.S. at 244-46 (holding that an anonymous letter could be relied on due to corroboration of parts of the letter through other sources of information that provided a substantial basis for credibility).

[2] Appellant relies heavily on *Serrano v. State* in arguing that Dalton's one-time trash collection was insufficient to prove probable cause. 123 S.W.3d 53, 62 (Tex. App.—Austin 2003, pet. ref'd) (holding evidence from a one-time trash run yielding a single piece of evidence was insufficient to prove probable cause due to the public accessibility of the trash and a lack of corroboration of other information). This case, however, is readily distinguishable from the circumstances presented in *Serrano*. In the case at hand, the information from the informant was corroborated, as previously discussed, and there was the additional evidence of the undercover officer's conversation with appellant.

Transp. Code § 521.456(b), which sets forth the offense of delivery or manufacture of counterfeit instrument). Second, there were specific items to search for constituting evidence of the offense because appellant showed the undercover officer two fake identifications he made. Finally, these items were located at the place to be searched because the undercover officer met with the appellant at appellant's residence and appellant brought out the two fake identifications from within his home. Based on the undercover officer's information in the affidavit, sufficient evidence supports the magistrate's determination to issue the search warrant. *See* Tex. Code Crim. Proc. arts. 18.01(c), 18.02(a)(10); *see also Barrett v. State*, 367 S.W.3d 919, 923 (Tex. App.—Amarillo 2012, no pet.) (holding that sufficient probable cause existed for issuing a warrant based on information and photographic evidence obtained during an online conversation between appellant and an officer posing as a minor).

Appellant argues that the 48–day period between the initial contact with the informant and the date the affidavit was presented to the magistrate rendered the informant's information too stale to support a finding of probable cause. *See McKissick*, 209 S.W.3d at 214. Probable cause ceases to exist if, at the time the search warrant is issued, it would be unreasonable to presume the items remain at the suspected place. *Id.* To justify a magistrate's finding that an affidavit is sufficient to establish probable cause to issue a search warrant, the facts set out in the affidavit must not have become stale when the magistrate issues the search warrant. *Id.* The proper method to determine whether the facts supporting a search warrant have become stale is to examine, in light of the type of criminal activity involved, the time elapsing between the occurrence of the events set out in the affidavit and the time the search warrant was issued. *Id.* When the affidavit recites facts indicating activity of a protracted and continuous nature—i.e., a course of

6

conduct—the passage of time becomes less significant. *Id.* Further, a determination should also consider the type of property to be seized and the probability that the property has been consumed or relocated. *Barrett*, 367 S.W.3d 647 at 926 (concluding magistrate had a substantial basis to find that a fair probability existed that images depicting child pornography would continue to be on or recoverable from a computer device at the residential address stated in the search warrant).

As discussed above, we hold that Dalton's affidavit was sufficient to establish probable cause based on the information provided by the undercover officer, regardless of any information obtained from the informant. The undercover officer's conversation with appellant occurred only two weeks prior to the issuance of the warrant. Moreover, the information in the affidavit revealed an ongoing scheme—a course of conduct—that had been operating for at least nine months. *See State v. Cotter*, 360 S.W.3d 647, 653-54 (Tex. App.—Amarillo 2012, no pet.) (holding four-month-old information was not stale due to the continuing nature of the activity). Additionally, information in the affidavit revealed that appellant had used computers in producing the fraudulent identification items. At least some of the property subject of this search is a type that may be stored on a computer, is retrievable, and probably had not been consumed or relocated. *See Barrett*, 367 S.W.3d at 926 (holding 48-day information not stale). We conclude that the information in Dalton's affidavit was not too stale to establish probable cause.

### *Conclusion*

When considering the totality of the circumstances, Dalton's affidavit provided a substantial basis for concluding that probable cause existed. *See McLain*, 337 S.W.3d at 271. Accordingly, we overrule appellant's sole issue.

We affirm the trial court's judgment.

/s/    Martha Hill Jamison
        Justice

Panel consists of Justices Jamison, Busby, and Brown.
Publish — TEX. R. APP. P. 47.2(b).

8